UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GREEN VALLEY GROWERS, INC., | § | CASE NO. 09-31630-H3-11 |
| | § | (CHAPTER 11) |
| DEBTOR. | § | |
| | § | |

## ORDER APPROVING PROCEDURES
## REGARDING PAYMENT OF PROFESSIONAL FEES

On this day came on for consideration the Motion for Order Approving Procedures Regarding Payment of Professional Fees (the "Motion"). After consideration of the Motion, the Court is of the opinion that the Motion should be approved to the extent set forth below. It is therefore    ORDERED as follows:

*Fees Budgeted for Professionals in Cash Collateral Order*

1. During the pendency of this Chapter 11 case beginning effective June 1, 2009, and subject to further order of the Court, on the 10th day of each month Debtor shall deliver to counsel for the Official Committee of Unsecured Creditors of Green Valley Growers, Inc. ("Committee") $9,000 whereupon counsel for the Committee shall hold such funds in trust to be distributed pursuant to the procedures set forth herein as modified by further order of this Court.

2. During the pendency of this Chapter 11 case beginning effective June 1, 2009, and subject to further order of the Court, on the 10th day of each month Debtor shall deliver to Debtor's counsel (hereinafter counsel for Debtor and counsel for the Committee shall be collectively referred to as the "Estate Professionals") $9,000 whereupon counsel for the Debtor shall hold such funds in trust to be distributed pursuant to the procedures set forth herein as modified by further order of this Court (together with the funds to be held by counsel for the



Committee as contemplated in the immediately preceding paragraph hereinafter referred to as "Estate Professional Cash Collateral Funds").

*Monthly Fee Statements*

3. On the fifth business day following entry of this Order, the Professionals may submit respective itemized fee and expense statements setting forth the fees and expenses for the month of June 2009, with supporting detail (the "Initial Statement").

4. Thereafter, every 10th day of each calendar month following the month for which compensation and/or reimbursement is sought (the "Statement Date"), the Professionals may submit respective itemized monthly fee and expense statements (the "Monthly Statement") setting forth the fees and expenses for which payment is sought for the preceding month, with supporting detail.

5. The Initial Statement and each Monthly Statement shall include, as an exhibit, detailed time records that itemize services. The Initial Statement and any Monthly Statements must be actually served on the Office of the U.S. Trustee (to the attention of Ellen Hickman), counsel for the Debtor and counsel for Capital One on or before the Statement Date. The Initial Statement and any Monthly Statements served after the Statement Date shall be deemed served on the Statement Date for the following month.

6. The Office of the U.S. Trustee, the Debtor and Capital One shall have twenty days from the Statement Date to review the Initial Statement or any Monthly Statement. Any objections shall be served on the Office of the U.S. Trustee, the Committee's counsel, the Debtor's counsel and Capital One's counsel no later than ~~twenty~~ ten days from the Statement Date (the "Objection Deadline").

7. After such review, if authorized by the Court, the Professionals shall be entitled to draw on the Professional Cash Collateral Funds and pay itself from such funds as follows:

   a. Eighty percent (80%) of the fees requested; and

   b. One hundred percent (100%) of the expenses requested.

8. In the event that there are objections, the Professional who is the subject of the objection may request a hearing to resolve the objection. Any objection shall be in writing and shall specify in detail the nature and basis of the objection. Pending resolution of such objection, the Professional shall promptly distribute to itself from the Professional Cash Collateral Funds, as to fees, the amount requested in the particular Monthly Statement less the greater of (i) the amount in dispute or (ii) twenty percent of the fees requested and, as to expenses, the amount requested less the disputed amount. In the event any Estate Professional receives Estate Professional Cash Collateral Funds in excess of all fees and expenses allowed by the Court in favor of such Estate Professional, that Estate Professional shall promptly return the difference to the Debtor.

9. The failure of an interested party to object to the payment of fees and expenses requested in the Initial Statement and any Monthly Statement shall not be deemed a waiver of that party's right to object to any interim or final fee application or to preclude any disgorgement of fees paid.

*Interim Fee Applications*

10. The initial uniform period to be covered by interim fee applications will be from the Petition Date through June 30, 2009, and subsequent interim fee applications will cover each successive four-calendar-month period thereafter.

11. To be considered on an interim basis, an application will be timely filed and served within forty-five (45) days of the close of each interim fee period (the "Application Filing Period"). If not filed timely, an interim application will be considered during the next Application Filing Period.

12. Regardless of the date on which an interim fee application is filed, all objections to the interim fee application shall be filed within twenty-three (23) days of such filing.

13. Hearings on interim fee applications will be held on the next preset hearing date following the day on which objections were due.

14. Notice of hearings to consider interim applications may be limited to the Office of the United States Trustee, counsel for the Committee, counsel for the Debtor, counsel for Capital One and all parties having filed a notice of appearance and request for notices under Rule 2002. Giving notice of the hearing to these entities should reach the parties most active in these cases and will save the expense of undue duplication and mailing.

15. Notwithstanding anything herein to the contrary, the Debtor shall not pay any Estate Professional Cash Collateral Funds to counsel for the Debtor or counsel to the Committee to the extent any such payment would cause the Debtor to be unable to pay any other line item in an approved cash collateral budget.

SIGNED this _____ day of _____, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

*Approved by:*

ORDER PREPARED BY:

[signature]

Annie E. Catmull
Texas State Bar No. 00794932
WALKER WILCOX MATOUSEK LLP
711 Louisiana Street, Suite 3100
South Tower Pennzoil Place
Houston, Texas 77002
Telephone: (713) 654-8001
Telecopy: (713) 654-8818
acatmull@wwmlawyers.com

[signature]
Ken Ralph
Atty for Debtor

[signature]
Bruce J. Ruzinsky
SBoT 17469425
Jackson Walker LLP
Attorneys for Capital One, N.A.