IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GREEN VALLEY GROWERS, INC., | ) | CASE NO. 09-31630-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Trustee's Amended Application to Authorize Employment of Counsel" (Docket No. 357). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the instant application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Green Valley Growers, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 9, 2009. On October 20, 2009, Randy Williams ("Trustee") was appointed as the Chapter 11 trustee.

On March 26, 2009, the United States trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). (Docket No. 37).

On April 14, 2009, the Committee filed an application to employ Walker Wilcox & Matousek LLP ("WWM"), as its counsel. (Docket No. 45). The application to employ WWM was granted, by order entered on June 8, 2009 (Docket No. 88).

Annie E. Catmull, an attorney then with WWM, was the attorney in charge for the Committee. (Docket No. 345-1, at p. 2). Catmull filed, <u>inter alia</u>, on behalf of the Committee, an objection to Debtor's use of cash collateral (Docket No. 41), an objection to employment of Debtor's counsel (Docket No. 40), a motion to convert the case to Chapter 7 (Docket No. 123), an objection to Debtor's motion to pay what it alleged to be the prepetition claim of MetLife Group, Inc. (Docket No. 138), and motion to appoint a trustee (Docket No. 196). Catmull also filed, on behalf of the Committee, notices of Bankruptcy Rule 2004 examinations of Debtor (Docket No. 56), Liberty Mutual Ins. Group (Docket No. 155), MetLife Group, Inc. (Docket Nos. 156, 194), Great American Insurance Agency, Inc. (Docket No. 157), Capital One, N.A. (Docket No. 158), Fidelity National Title Ins. Co. (Docket No. 159), Enterprise Bank (Docket Nos. 160, 161), Crosby State Bank (Docket No. 162).

On January 8, 2010, Catmull left WMM. On January 11, 2010, Catmull joined the law firm of Hoover Slovacek, LLP ("HS"). By letter dated January 6, 2010, Catmull notified the Committee members that she was switching law firms. The letter contains

language presented as a directive from the Committee chairman to to transfer "the Committee's pending and active files relating to the bankruptcy case of" Debtor to HS.  The directive was signed by the Committee chairman, Andrew Stavrou.  (Docket No. 345-5).

On November 4, 2010, WWM filed a final fee application (Docket No. 345).  The application was granted, by order entered on February 3, 2011 (Docket No. 366).[1]

In the instant application, Trustee seeks to employ HS as Trustee's counsel under Section 327(a) of the Bankruptcy Code, with Catmull as attorney in charge:

> to assist it with recovery of transfers to or for the benefit of:
>
> a.   Crosby State Bank;
> b.   Metlife;
> c.   Houston Plants & Garden World and/or Jonelle Massey;
> d.   Ray Smith;
> e.   OTWM;
> f.   Wayne Massey; and
> g.   Travis Massey.

(Docket No. 357).

At the hearing on the instant application, Catmull testified: "[N]o information from my clients will be made public...I anticipate not being in an adverse situation with any Committee member and I anticipate the only possible adversity is being in the position of a creditor of the estate while the

---

[1] In WWM's final application, WWM was granted compensation on an hourly basis.

Committee's constituency is also a creditor."

Subsequent to the hearing on the instant motion, Catmull filed, on behalf of HS, a supplemental unsworn declaration under penalty of perjury stating, <u>inter alia</u>, that the Committee members furnished her no information relating to the contemplated litigation, and that the Committee members have consented to her employment as counsel for Trustee (Docket No. 367).

<u>Conclusions of Law</u>

Under Section 327(a) of the Bankruptcy Code, the trustee, with the court's approval, may employ attorneys that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties.  11 U.S.C. § 327(a).

A person is not disqualified for employment solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

In the instant case, there has been no objection by a creditor or the United States Trustee.  However, the court raised, <u>sua sponte</u>, the question of whether Catmull's representation of Trustee after having represented the Committee violates the Texas Disciplinary Rules of Professional Conduct

("TDRPC").

Rule 1.05(b) of the TDRPC provides in pertinent part:

(b) Except as permitted by paragraphs (c) and (d) or as required by paragraphs (e) and (f), a lawyer shall not knowingly:

\* \* \*

(2) Use confidential information of a client to the disadvantage of the client unless the client consents after consultations.

(3) Use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultations or the confidential information has become generally known.

(4) Use privileged information of a client for the advantage of the lawyer or of a third person, unless the client consents after consultation.

Tex. Disciplinary R. Prof'l Conduct 1.05(b).

Rule 1.09(a) of the TDRPC provides in pertinent part:

(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

\* \* \*

(2) if the representation in reasonable probability will involve a violation of Rule 1.05.

Tex. Disciplinary R. Prof'l Conduct 1.09(a).

In the instant case, the court is satisfied, based on Catmull's supplemental declaration, that she has not received confidential information of the Committee and its members, and that she has obtained the consent of the Committee members for

5

representation of Trustee. The court concludes that the instant application should be granted.

Based on the foregoing, a separate Judgment will be entered granting the "Trustee's Amended Application to Authorize Employment of Counsel" (Docket No. 357).

Signed at Houston, Texas on February 9, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE